IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RELIABLE LLOYDS INSURANCE
COMPANY,

    Plaintiff,

        v.

ARAVIND RAMACHANDRAN,

    Defendant.

CIVIL ACTION FILE
NO. 1:23-CV-3203-TWT

## OPINION AND ORDER

This is a declaratory judgment action. It is before the Court on the Plaintiff Reliable Lloyds Insurance Company's Motion for Summary Judgment [Doc. 27]. As explained below, the Plaintiff's Motion for Summary Judgment [Doc. 27] is GRANTED.

## I.    Background[1]

This case is about the availability of coverage to the Defendant Aravind Ramachandran after a settlement between the non-party insured and the Defendant following an automobile accident. The Plaintiff issued insurance Policy No. FAR3381010 to HyreCar as the named insured for the policy period May 15, 2021 to January 1, 2023. (Pl.'s Statement of Material Facts ¶ 1). HyreCar is a rental car

---

[1] The operative facts on the Motion for Summary Judgment are taken from the parties' Statements of Undisputed Material Facts and the responses thereto. The Court will deem the parties' factual assertions, where supported by evidentiary citations, admitted unless the respondent makes a proper objection under Local Rule 56.1(B).

platform connecting owners and renters. (*Id.*). The Policy covers renters who rent a vehicle through the platform, subject to certain terms and conditions. (*Id.*). The Policy had a Self-Insured Retention ("SIR") of $15,000. (*Id.* ¶ 7). In other words, the Plaintiff's coverage obligations would only become effective after HyreCar first paid $15,000 for covered claims and suits. (*Id.*). The SIR Endorsement lists Sedgwick as the third-party administrator to act on HyreCar's behalf in providing claim services for the settlement of losses within the SIR. (*Id.*).

Furthermore, the Policy contains clauses that preclude coverage for settlements entered into without obtaining prior consent from the Plaintiff. (*Id.* ¶ 4). The Voluntary Payment Clause disclaims the Plaintiff's duty to provide coverage if the insured is not in full compliance with the listed duties. (*Id.* ¶ 5). One such duty was that the insured must "[a]ssume no obligation, make no payment or incur expense without our consent, except at the insured's own cost." (*Id.*). Moreover, the No Action Clause provides that no one may bring an action against the Plaintiff under the Policy unless there is full compliance with all terms and conditions of the Policy and until the Plaintiff either agrees in writing that an insured has an obligation to pay or the amount of the obligation has been determined by judgment at trial. (*Id.* ¶ 6).

The Defendant filed a civil action against Mark Smith after Smith allegedly hit the Defendant head on while driving in the wrong direction on Georgia Route 400 N at 70 miles per hour. (*Id.* ¶¶ 8-9). On February 24, 2022 and April 28, 2022, the Defendant's counsel at the time purported to send settlement demands to Smith,

HyreCar, and "Lloyd's America, Inc." for payment of the Policy's limits by no later than 5pm on the 31st day after "you receive this demand." (*Id.* ¶¶ 21-24). However, there is no evidence that these demands were ever sent to or received by the Plaintiff or Smith in 2022 (perhaps in part because it was addressed to "Lloyd's America, Inc." rather than "Reliable Lloyds Insurance Company"). (*Id.* ¶¶ 22, 24). The Plaintiff did not receive the policy limit demand until March 27, 2023. (*Id.* ¶ 27-28). On April 7, 2023, Smith and the Plaintiff sought to accept the settlement demand, noting the acceptance was within 31 days of Smith receipt of the demand. (*Id.* ¶ 28). The Defendant's counsel in the underlying action rejected the acceptance, contending that the offer had expired. (*Id.* ¶ 29).

On May 17, 2023, the Defendant made a settlement offer to Smith in the amount of $11.5 million. (*Id.* ¶ 11). Smith was being defended by counsel that Sedgwick appointed because the SIR amount had yet to be exhausted. (*Id.*). The Plaintiff expressly informed Smith that it did not consent to the proposed settlement and warned that accepting the offer would void the coverage. (*Id.* ¶¶ 12-13). Nevertheless, Smith accepted the settlement offer without the Plaintiff's consent. (*Id.* ¶ 14).

The Defendant (as assignee of Smith's rights under the Policy) contends that the Plaintiff breached the Policy by failing to defend on a timely basis, resulting in a default judgement and a failure to accept policy-limit settlement demands. (*Id.* ¶ 15). The Plaintiff seeks four counts of declaratory relief: (1) Smith's acceptance of the $11.5 million settlement agreement forfeits coverage under the Policy, (2) any alleged

3

breach of the duty to defend is not chargeable to the Plaintiff, (3) the Plaintiff did not breach its duty to settle, and (4) if coverage was not forfeited, the Plaintiff cannot be liable in excess of the Policy limits. (Compl. ¶¶ 58-92). The Plaintiff now moves for summary judgment on all counts. The Defendant has filed a response in which he states that he does not oppose the motion.

## II.    Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

Despite the Defendant's lack of opposition, the Court "cannot base the entry of summary judgment on the mere fact that the motion [i]s unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property Located at 5800 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). In considering the merits, the Court "need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion

itself is supported by evidentiary materials." *Id.*

## III.   Discussion

The Court will go through each of the counts individually to ensure that granting summary judgment is supported by the evidence on record. Because the Court finds that it is supported for each of the first three counts, the Court will not analyze the alternative fourth count.

### A. Forfeiture of Coverage

As to whether Smith's acceptance of the $11.5 million settlement demand forfeited coverage under the Policy, the Court answers in the affirmative. The Policy clearly states that coverage is precluded for settlements entered into without the Plaintiff's prior consent. (Pl.'s Statement of Material Facts, ¶¶ 4-6). Such a policy provision is enforceable under Georgia law. *See, e.g., Trinity Outdoor, LLC v. Cent. Mut. Ins. Co.*, 285 Ga. 583, 585-87 (2009); *Piedmont Off. Realty Trust, Inc. v. XL Specialty Ins. Co.*, 297 Ga. 38, 41-42 (2015). Despite that provision and the Plaintiff's express withholding of consent (and its admonition that acceptance would void coverage), Smith still accepted the settlement offer. In doing so, he forfeited any entitlement to coverage under the Policy. The Defendant, as assignee of Smith's rights under the Policy, likewise does not have any entitlement to coverage. *See, e.g., O'Dell v. Pac. Indem. Co.*, 619 F. App'x 828, 830-31 (11th Cir. 2015); *C. Ingram Co. v. Philadelphia Indem. Ins. Co.*, 303 Ga. App. 548, 550-51 (2010); *Sorema N. Am. Reinsurance Co. v. Johnson*, 258 Ga. App. 304, 305-06 (2002). Thus, the Court declares that no Policy coverage exists for the settlement agreement or the claims

asserted in the underlying lawsuit and that the Plaintiff has no liability to the Defendant as Smith's assignee.

### B. Duty to Defend

Moreover, the Court finds as a matter of law that the Plaintiff did not breach any duty to defend that it owed. The SIR Endorsement contains a specific provision that states that HyreCar and Sedgwick "shall be responsible for the investigation, defense and settlement of any claim, occurrence or suit for damages and defense cost within your Self-Insured Retention." (Pl.'s Statement of Material Facts ¶ 7). Furthermore, there is copious case law that finds that an unexhausted SIR precludes the duty to defend. *See Nat'l Union Fire Ins. Co. of Pittsburg, Pa. v. Davey Tree Expert Co.*, 2020 WL 3977648, at *3-4 (S.D. Ga. July 14, 2020) (compiling cases). "Additionally, the Eleventh Circuit appears to endorse this position." *Id.* at *4 (citation omitted). Yet, the SIR in this case was not exhausted until after June 7, 2023, at the earliest, which is after the court entered the settlement agreement on May 26, 2023. (Pl.'s Statement of Material Facts ¶¶ 14, 16). Because the SIR was not exhausted until after the underlying action was completed, the Plaintiff did not have a duty to defend that action. The Court therefore declares that any alleged breach of the duty to defend the underlying action is not chargeable to the Plaintiff.

### C. Duty to Settle

Finally, the Court holds that the Plaintiff did not breach its duty to settle. Under Georgia law, "an insurer's duty to settle arises when the injured party presents a valid offer to settle within the insured's policy limits." *First Acceptance Ins. Co. of*

*Ga., Inc. v. Hughes*, 305 Ga. 489, 492-93 (2019). The undisputed evidence on the record is that the Plaintiff did not learn about any settlement demands until March 2023, at least in part because it was not properly addressed to the Plaintiff. (Pl.'s Statement of Material Facts, ¶¶ 22, 27). The Plaintiff attempted to accept the settlement offer within the policy limits shortly after receiving it, but the Defendant's counsel in the underlying case rejected that acceptance as untimely. (*Id.* ¶ 28-29). Under these facts, either the Defendant's counsel in the underlying case was wrong and the Plaintiff did validly accept the settlement offer, or the Plaintiff was never presented with a valid offer to settle within the insured's policy limits. In other words, the Plaintiff either complied with its duty to settle or was not given the opportunity to do so. Consequently, the Court declares that the Plaintiff did not breach a duty to settle.

## IV.   Conclusion

For the foregoing reasons, the Plaintiff's Motion for Summary Judgment [Doc. 27] is GRANTED.

SO ORDERED, this ___12th___ day of July, 2024.

THOMAS W. THRASH, JR.
United States District Judge